UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBY MAGEE | * | CIVIL ACTION NO. 17-15754 |
| | * | |
| | * | SECTION: "B"(1) |
| VERSUS | * | |
| | * | JUDGE IVAN L. R. LEMELLE |
| | * | |
| MARGARETE HAMMOND-JACKSON, | * | MAGISTRATE JUDGE |
| ET AL. | * | JANIS VAN MEERVELD |
| ************************************* | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Bobby Magee filed the above-captioned matter in this Court in which he asserts a claim for legal malpractice against Margaret Hammond-Jackson and the Tulane University Board of Administrators. For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file his complaint in state court.

Background

On December 15, 2017, this Court granted Mr. Magee's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court further ordered the Clerk of Court to withhold summons in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.

In his Complaint, Plaintiff asserts that he was "misrepresented" by attorney Margaret Hammond-Jackson in a claim against Tulane University Board of Administrators, who has also been made a defendant here. Plaintiff alleges that his lawsuit should have been filed in federal court but was filed in state court instead. He makes a vague reference to the "disabilities act of 1974" and a "civil rights violation" and asserts that "all parties clearly knew and should have

1

known [he] was disabled due to his noted heroic Actions in the line of duty apprehending and [sic] armed robber."

In response to this Court's Rule to Show Cause, Mr. Magee submitted a memorandum asserting that Ms. "Hammond-Jackson committed neglect of duty violating the American Disabilities Act of 1974." He attached a copy of his EEOC charge dated May 9, 2012, and referring to alleged discrimination on the basis of race, sex, age in 2012 by his employer Tulane University. He included a letter that appears to be Tulane's position statement to the EEOC. He also attached a docket sheet from an earlier filed case in this district captioned <u>Bobby Magee v. Tulane University Board of Administrators</u>, Civ. A. 13-6598. The docket sheet for Civil Action No. 13-6598 indicates that Magee's earlier case sought damages for alleged discrimination by his former employer, the Tulane University Police Department, on the basis of race and age for denying him a promotion. In that complaint, he also asserted that his employer had refused to accommodate an assignment to light duty work after he was injured on the job, even though a younger, white, female police officer was granted a light duty assignment less than four weeks later. He alleged that another younger, female, white police officer was assigned light duty work a few months later. Ms. Hammond-Jackson represented Mr. Magee in the earlier lawsuit. The docket in that case also shows that on July 29, 2014, Mr. Magee, through his counsel Ms. Hammond-Jackson, moved to dismiss his federal law claims and to remand his state law claims. The court granted his motion, and his federal law claims were dismissed with prejudice.

Mr. Magee's submission further includes a letter from the Louisiana Attorney Disciplinary Board dated April 6, 2016, acknowledging receipt of his complaint against Ms. Hammond-Jackson. He also attached correspondence from Ms. Hammond-Jackson dated August 31, 2016 reporting that Tulane was interested in settling his case. Mr. Magee also attached a copy of an

April 7, 2017, letter requesting the clerk of Civil District Court in New Orleans continue Mr. Magee's case because Ms. Hammond-Jackson had become very ill. A state court filing dated May 26, 2017, shows that Ms. Hammond-Jackson moved to withdraw as counsel of record and represented that Mr. Magee had consented to the withdrawal. Mr. Magee has attached two pages of a Fee Agreement and Authority to Represent.  Lastly, his submission includes a doctor's note dated January 18, 2016, stating that Mr. Magee "is no longer fit to be a patrol officer due to knee replacement."

Law and Analysis

On its face, plaintiff's complaint fails to meet the requirements of 28 U.S.C. § 1915(a). There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> 
> > (B) the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  A claim is "frivolous" where it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

1. *Federal Question Jurisdiction*

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Although Mr. Magee references to the "disabilities act of 1974" and a "civil rights violation" in his complaint and in his supplemental submission he appears to assert that Ms. Hammond-Jackson violated the American Disabilities Act of 1974, he alleges no facts that could be construed to describe an injury other than the purported malpractice by Ms. Hammond-Jackson. He has not named a state actor. The Court is unable to identify any cause of action that could give rise to federal question jurisdiction. Mr. Magee asserts only a state law claim arising out of the alleged mishandling of his discrimination claims by his attorney Ms. Hammond-Jackson.

2. *Diversity Jurisdiction*

A federal court has jurisdiction to consider state law claims where the complaint satisfies the requirements of 28 U.S.C. § 1332. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988); Aetna Cas. & Surety Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Getty Oil, 841 F.2d at 1259; see McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship,

citizenship should be 'distinctly and affirmatively alleged.'" McGovern, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); see also Powell v. Abney, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson, 808 F.2d 357, 357 (5th Cir.1986); McGovern, 511 F.2d at 654.

The address provided by the plaintiff indicates that he resides in New Orleans, Louisiana. Although the Complaint does not allege the citizenship of the Defendants, the requests for summons that plaintiff included with his Complaint indicate that Ms. Hammond-Jackson resides in Slidell, Louisiana, and that the Tulane University Board of Administrators reside in New Orleans, Louisiana. Thus, it appears that both the Plaintiff and the Defendants are citizens of Louisiana. Plaintiff presented no contrary evidence with his submission in response to the Rule to Show cause. Accordingly, the Court cannot assert diversity jurisdiction over the matter.

## Conclusion

For the foregoing reasons, Plaintiff's complaint and his submission in response to the Court's Rule to Show Cause fail to establish this Court's Subject Matter Jurisdiction. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file his complaint in state court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of May, 2018.

                                                                                      Janis van Meerveld
                                                                  United States Magistrate Judge