**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**BOBBY MAGEE**                                         **CIVIL ACTION**

**VERSUS**                                              **NO. 17-15754**

**MARGARET HAMMOND-JACKSON, ET AL.**                    **SECTION "B"(1)**

## ORDER AND REASONS

The Magistrate Judge issued a Report and Recommendations recommending that the above-captioned matter be dismissed without prejudice for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B). Rec. Doc. 8. Plaintiff timely filed objections. Rec. Doc. 10. For the reasons discussed below,

**IT IS ORDERED** that Plaintiff's Objections (Rec. Doc. 10) are **OVERRULED** and the Magistrate Judge's Report and Recommendations (Rec. Doc. 8) are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims (Rec. Doc. 1) are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's "Request for Subpoenas" (Rec. Doc. 11) is **DISMISSED AS MOOT as unnecessary.**

Plaintiff was employed by Tulane University as a police officer. *See Magee v. Tulane Univ. Bd. of Adm'rs*, No. 13-6598, Rec. Doc. 1-3 (E.D. La. Dec. 6, 2013). In 2013, Plaintiff sued Tulane for age and race discrimination under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), and

1

Louisiana state civil rights statutes. *See id.* Tulane timely removed the case to federal court. *See Magee*, No. 13-6598, Rec. Doc. 1. In 2014, Plaintiff moved to dismiss his federal law claims with prejudice and remand the case to state court. *See Magee*, No. 13-6598, Rec. Doc. 28. Plaintiff's motion was granted; his federal law claims were dismissed with prejudice and the case was remanded to state court. *See Magee*, No. 13-6598, 2014 WL 4545947.

In December 2017, Plaintiff filed the instant case, asserting federal civil rights claims against Tulane and legal malpractice claims against Margaret Hammond-Jackson, the attorney who represented Plaintiff in his 2013 case. *See* Rec. Doc. 1. Plaintiff sought to proceed in forma pauperis. *See* Rec. Doc. 2. The Magistrate Judge granted Plaintiff's motion to proceed in forma pauperis, but ordered Plaintiff to file additional briefing about why his case should not be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for lack of subject matter jurisdiction. *See* Rec. Doc. 3. Plaintiff timely filed a response. *See* Rec. Doc. 4. The Magistrate Judge then issued her Report and Recommendation, concluding that Plaintiff's case should be dismissed for lack of subject matter jurisdiction because any federal law claims were previously dismissed with prejudice, legal malpractice claims arise under state law, and the parties are not diverse. *See* Rec. Doc. 8. Plaintiff timely filed objections. *See* Rec. Doc. 10.

The objected-to portions of a Magistrate Judge's report and recommendation are subject to de novo review when the recommendation is dispositive of a plaintiff's claims. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff's objections are not specific and primarily reiterate the claims underlying his Complaint. *See* Rec. Doc. 10. Regardless, the Magistrate Judge's conclusion that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction is legally correct and factually supported.

When, as here, a plaintiff seeks to proceed in forma pauperis, a "court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2). A case is frivolous when there is no subject matter jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Nixon v. Attorney General of Tex.*, 537 F. App'x 512 (5th Cir. 2013); *Williams v. Dorsey*, 412 F. App'x 710 (5th Cir. 2011). There is no federal question jurisdiction because Plaintiff's claims under Title VII and the ADEA were asserted in a previous lawsuit and dismissed with prejudice in 2014. *See Magee*, No. 13-6598, 2014 WL 4545947. Plaintiff's claims against his former attorney do not invoke federal question jurisdiction because they relate only to alleged legal malpractice, not any issue of federal law. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337-40 (5th Cir. 2008). Plaintiff has not established diversity jurisdiction because all

available information indicates that Plaintiff and Defendants are residents of Louisiana. *See* 28 U.S.C. § 1332.

New Orleans, Louisiana, this 5th day of June, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE